IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br>      Plaintiff, <br><br>v. <br><br>ESTATE OF TIMOTHY BARLOW, LORI A. BARLOW, THE COMMONWEALTH OF MASSACHUSETTS, DEPT. OF REVENUE, and UNITED STATES OF AMERICA, <br><br>      Defendants. | Civil No. 05-40112-FDS |

THE PARTIES' RULE 16.1 STATEMENT

The parties, by their undersigned counsel, submit this Rule 16.1 Statement in satisfaction of Local Rule 16.1(d). This statement is filed on behalf of the United States, the Commonwealth of Massachusetts Department of Revenue, and the plaintiff.[1] The remaining parties to this case were served with a summons and copy of the complaint while this matter was pending in Worcester Superior Court, prior to the United States' removal, and to date those parties (Lori Barlow and the Estate of Timothy Barlow) have not filed an answer or participated in any manner in this action. On January 6, 2006, counsel for the plaintiff moved for the entry of default against these remaining defendants.

At issue in this interpleader proceeding is a surplus fund of $155,119.83, resulting from the foreclosure and sale by the plaintiff of property owned by Timothy and Lori Barlow and subject to a mortgage held by the plaintiff. The surplus fund remains after payment of the past-

---

[1] Counsel for the plaintiff has indicated that he intends to file a motion to deposit the surplus funds and withdraw from this matter.

1492985.1

due mortgage, interest, penalties and costs of the sale to the plaintiff.  At this time, United States claims an interest in these funds by virtue of a federal tax lien against Timothy and Lori Barlow (and now the Estate of Timothy Barlow) for their 1991 federal income taxes in the approximate amount of $1,700.00.  The Commonwealth of Massachusetts also claims an interest in these funds by virtue of a statutory estate tax lien.  At this time, however, it does not appear that the surplus funds will be exhausted by payment to these two entities and payment of attorneys' fees to the plaintiff.

Because the only issue in this matter is a question of lien priority, the parties assert that lengthy discovery is unnecessary, and that the parties' respective interests may be determined by a simple exchange of Rule 26(a)(1) disclosures, which will establish the relevant dates of assessment and filing and allow for an easy determination of priority.  It appears that once the United States and the Commonwealth are paid on their respective interests, the remaining portion of the fund should be returned to Ms. Barlow and the Estate of Timothy Barlow.

As a result, the parties propose that they make their Rule 26(a)(1) disclosures by January 31, 2006.  If the parties are unable to enter into a stipulation regarding priority to these funds, then dispositive motions should be filed by February 28, 2006.

The parties will file separate certifications pursuant to Local Rule 16.1(d)(3).

| PLAINTIFF, | DEFENDANT, |
|---|---|
| Mortgage Electronic Registration Systems: | United States of America: |

| /s/ David Rhein (with telephone approval) | /s/ Lydia Bottome Turanchik |
|---|---|
| DAVID RHEIN, Esq. | LYDIA BOTTOME TURANCHIK, Esq. |
| Harmon Law Offices | Trial Attorney, Tax Division |
| 150 California Street | U.S. Dept. of Justice |
| Post Office Box 610389 | Post Office Box 55, Ben Franklin Station |
| Newton, Massachusetts 02458 | Washington, D.C. 20044 |
| | (202) 307-6560 |

DEFENDANT,

Commonwealth of Massachusetts:

/s/ Eileen Ryan McAuliffe (by facsimile consent)
EILEEN RYAN MCAULIFFE, Esq.
Department of Revenue
Litigation Bureau - P.O. Box 9565
100 Cambridge Street
Boston, Massachusetts 02114
(617) 626-3217

1492985.1